In support of what we have said, we refer to the cases of Spicer v. State, 52 Tex.Cr.R. 177, 105 S.W. 813; Gumpert v. State, 88 Tex.Cr.R. 492, 228 S.W. 237; Davis v. State, 70 Tex.Cr.R. 253, 156 S.W. 1171; Morris v. State, 17 Tex.App. 660.

The fact that the figures "12–31" and "J–5793" appearing on the face of. the instrument were not explained by proper innuendos and explanatory averments is of no moment. The figure "12–31" evidently refers to December 31, and the letters "J–5793" evidently refers to the registered number of the check. However, these figures would not vitiate it as a commercial instrument, because the instrument, upon its face, appears to be complete and sufficient as a check and appears to be unambiguous without any explanatory innuendos. The figures did not add to, or detract from, its negotiability. A false instrument which bears no date at all may be the subject of a forgery. See Boles v. State, 13 Tex.App. 650, 657; Dixon v. State, Tex.App., 26 S.W. 500, 501.

Appellant relies on the case of Pospishel v. State, 95 Tex.Cr.R. 625, 255 S.W. 738. There is a vast difference in the instrument there declared on and the one in the instant case. Consequently the rule there applicable would not be applicable to the facts before us.

We do not deem it necessary to enter upon an extended discussion of the questions here presented, as the same have been passed on by us many times.

Having reached the conclusion that the indictment is sufficient upon its face to charge the offense of knowingly passing a forged instrument, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## Bob O. DAILY v. STATE.

### No. 20060.

Court of Criminal Appeals of Texas.

Dec. 21, 1938.

Mays & Mays, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for passing a forged instrument, punishment being assessed at two years in the penitentiary.

The instrument alleged to have been passed by appellant is in all respects the same as that described in cause No. 20,061 against the same appellant, opinion of this date. 122 S.W.2d 628. In the present case motion to quash the indictment was overruled, said motion being based upon the same contention discussed in cause No. 20,061.

We see no good reason for writing further. The same conclusion here follows as was reached in the other cause mentioned.

The judgment is affirmed.

## SMITH v. STATE.

### No. 20046.

Court of Criminal Appeals of Texas.

Dec. 21, 1938.

R. L. Whitehead, of Longview, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is carrying a pistol; the punishment, a fine of $100.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.